Per Local Rule 5.4(d), the matter(s) shall remain sealed:
____ years; ____ (specific date);
____ permanently; _X_ (other).

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> FOREX MONTHLY INCOME FUND, LLC, JEAN CHAUVEL, RENAUD PIERRE-CHARLES, and ROBERT TRIPODE, <br><br> Defendants. | CIVIL ACTION NO. 14-62240 <br><br> ORDER <br> CIV-DIMITROULEAS <br> GRANTING PLAINTIFF'S EX PARTE EMERGENCY MOTION FOR A STATUTORY RESTRAINING ORDER, PRELIMINARY INJUNCTION, EXPEDITED DISCOVERY AND OTHER RELIEF |

This matter came before the Court on consideration of the following: Plaintiff's *Ex Parte* Emergency Motion for Statutory Restraining Order, Preliminary Injunction, Expedited Discovery, and Other Relief, and Incorporated Memorandum in Support ("Motion") in the above-captioned proceeding. The Court, having considered the Motion, memorandum in support, and all other evidence presented by Plaintiff, finds:

1. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 7 U.S.C. § 13a-1 (2012).

2. Venue lies properly within this District pursuant to 7 U.S.C. § 13a-1(e) (2012).

3. There is good cause to believe that Defendants Forex Monthly Income Fund, LLC ("FMIF"), Jean Chauvel ("Chauvel"), Renaud Pierre-Charles ("Pierre-Charles"), and Robert Tripode ("Tripode") (collectively, "Defendants"), together with their agents, have engaged, are engaging, and/or are about to engage in acts and practices constituting violations of the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1 et seq., and CFTC Regulations

✓ SEALED
__ NOT SEALED

("Regulations"), 17 C.F.R. §§ 1.1, et seq., in connection with the fraudulent operation of a commodity pool (the "FMIF pool") by, among other things, misappropriating FMIF pool participants' funds, by misrepresenting to existing and prospective pool participants FMIF's profitability, track record and trading strategy, and by providing existing and prospective pool participants with false reports.

4.  Given the extent of Defendants' fraud, prior notice to Defendants of an asset freeze is likely to result in dissipation of Defendants' assets and assets under their control, making it more difficult for the Commission to ultimately locate and recover the FMIF pool participants' funds and for this Court to grant effective relief. Similarly, given the ease of destroying books, records, and other documents, an order prohibiting the destruction of relevant documents and granting the Commission immediate access to inspect and copy those documents will increase the likelihood of a meaningful opportunity for the Commission to not only identify and account for Defendants' assets but also to determine the full scope of Defendants' allegedly fraudulent scheme.

5.  Thus, there is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for participants in Defendants' pooled investment scheme in the form of monetary or other redress will occur from the sale, transfer, assignment, or other disposition by Defendants of assets or documents unless Defendants are immediately restrained and enjoined by Order of the Court. Therefore, good cause exists for an *ex parte* freeze of assets owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants. Good cause also exists for entry of an *ex parte* order prohibiting Defendants and their agents from destroying relevant books, records, and other documents and/or denying agents

of the Commission access to inspect and copy those documents to ensure that Commission representatives have immediate and complete access to same.

6. Weighing the equities and considering the Commission's likelihood of success in its claims for relief, the issuance of a statutory restraining order is in the public interest.

**DEFINITIONS**

7. For purposes of this Order, the following definitions apply:

a. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

b. The term "asset" means any legal or equitable interest in, right to, or claim to any real or personal property, whether individually or jointly or directly or indirectly controlled, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including futures or option contracts), insurance policies, and all cash.

c. "Defendants" shall mean and refer to not only FMIF, Chauvel, Pierre-Charles and Tripode, but also to their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with any of the Defendants, including any successor

thereof, and any d/b/a, successor, affiliate, subsidiary, or other entity owned, controlled, managed, or held by, on behalf of, or for the benefit of any of the Defendants.

**RELIEF GRANTED**

I.  **ASSETS**

  A.  **Order Against Transfer, Dissipation, and Disposal of Assets**

IT IS HEREBY ORDERED that:

8.  Defendants and any other persons who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any of Defendants' assets, wherever located, including assets held outside the United States, except as provided in Section I.C of this Order, or as otherwise ordered by the Court. The assets affected by this paragraph shall include both Defendants' existing assets and assets acquired by Defendants after the effective date of this Order.

9.  Defendants are restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name of or subject to access by Defendants.

  B.  **Directives to Financial Institutions and Others**

IT IS FURTHER ORDERED that:

10.  Any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled, or maintains or has maintained custody of any account or other of Defendants' assets at any time since January 1, 2011, shall:

  a.  **Immediately upon receipt of a copy of this Order** prohibit Defendants and all other persons from withdrawing, removing, assigning, transferring, pledging,

encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any of Defendants' assets;

   b. **Immediately upon receipt of a copy of this Order** deny Defendants and all other persons access to any safe deposit box that is: (a) owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly, whether in the name, alias, or fictitious "doing business as" name of; or (b) otherwise subject to access by Defendants;

   c. **Within five (5) business days of receiving a copy of this Order** provide counsel for the Commission a statement setting forth: (a) the identification number of each and every account or other asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly, or is otherwise subject to access by Defendants;

   d. Upon request by the Commission, **within fifteen (15) business days or such longer period specified by the Commission,** provide the Commission with copies of all records or other documentation pertaining to each such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards,

checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, Forms 1099, and safe deposit box logs; and

e. Cooperate with all reasonable requests of the Commission relating to implementation of this Order, including transferring funds at the Commission's direction.

### C. Injunction Against Interference with Assets

IT IS FURTHER ORDERED that:

11. Absent express permission and leave by this Court, all persons, including but not limited to Defendants and all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind from Defendants' assets (other than the present action by the Commission and/or any civil or criminal action brought by another federal or state agency), in law or in equity, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group, or other person, including sheriffs, marshals, and all officers and deputies, and their respective attorneys, servants, agents and employees, are, until further order of this Court, hereby restrained and enjoined from doing anything, directly or indirectly, to interfere with Defendants' assets. Accordingly, all such persons are enjoined from engaging in any self-help, including set-offs, and from filing or prosecuting any actions or proceedings which affect Defendants' assets, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with prior permission of this Court. Moreover, any such actions that are so authorized shall be filed in this Court.

## II. BOOKS, RECORDS, AND OTHER DOCUMENTS

### A. Maintenance of Business Records

IT IS FURTHER ORDERED that:

12. Defendants and any other persons who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any books, records, or other documents, wherever such materials may be situated, that refer or relate in any manner to any transaction or matter described in the Complaint in this case.

### B. Inspection and Copying of Books and Records

IT IS FURTHER ORDERED that:

13. Representatives of the Commission (accompanied by representatives of other federal or state authorities or the National Futures Association, if the Commission so desires) shall be allowed immediate and continued access, until further Order of this Court, to inspect the books, records, and other documents of Defendants and their agents, including but not limited to electronically stored information, tape recordings, and computer discs, that refer or relate in any manner to any transaction or matter described in the Complaint in this case, wherever they may be situated and whether they are in the possession of Defendants, or others, and to copy said books, records, and other documents, either on or off the premises where they may be situated;

14. Defendants shall provide the Commission with a detailed accounting (including the location) of all documents that refer or relate in any manner to any transaction or matter described in the Complaint in this case;

15. **Within 48 hours of service of this Order** Defendants shall cause to be prepared and delivered to the Commission a detailed and complete schedule of all passwords and identification (ID) numbers for all websites, electronic mail accounts, videophone accounts, and all accounts at any bank, financial institution, or brokerage firm (including any introducing broker or futures commission merchant) operated by or to which Defendants have access; and

16.     Within 48 hours of service of this Order Defendants shall cause to be prepared and delivered to the Commission, a detailed and complete schedule of all desk top computers, laptop computers, and/or mobile devices owned and/or used by them in connection with Defendants' business. The schedules required by this section shall include at a minimum the make, model, and description of each computer and/or device, along with its location, the name of the person primarily assigned to use the computer and/or device, and all passwords necessary to access and use the software contained on the computer and/or device. The Commission shall be authorized to make an electronic, digital, or hard copy of all of the data contained on the computer(s) and device(s), either on or off the premises where they may be situated.

17.     Within five (5) business days following the service of this Order, Defendants shall provide the Commission immediate access to all records of Defendants held by financial institutions located within or outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order and submitting same to counsel for the Commission.

### III.    Order Granting Expedited Discovery

IT IS FURTHER ORDERED that:

18.     The Commission may conduct expedited discovery, removing the prohibition upon discovery before the early meeting of counsel pursuant to Fed. R. Civ. P. 26(f), in accordance with Fed. R. Civ. P. 26(d), and that the Commission may take depositions of Defendants and non-parties subject to two calendar days' notice pursuant to Fed. R. Civ. P. 30(a) and 45, that notice may be given personally, by facsimile, or by electronic mail, and more than ten depositions may be taken.

19.     The Commission may conduct expedited discovery to enable the Commission to fulfill its statutory duties and protect pool participants from further loss or damage. This

expedited discovery will allow the Commission to determine the full extent of Defendants' alleged wrongdoing (including, but not limited to, the possible involvement of others), to identify all participants in Defendants' pooled investment scheme and trace their funds, and to identify and locate Defendants' assets.

IV.     **BOND NOT REQUIRED OF PLAINTIFF**

IT IS FURTHER ORDERED that:

20.     As an agency of the United States of America and pursuant to 7 U.S.C. § 13a-1(b) (2012), Plaintiff Commission need not post a bond.

V.      **ORDER TO SHOW CAUSE**

IT IS FURTHER ORDERED that:

21.     Defendants shall appear before this Court on the 10th day of October, 2014, at 9:15 a.m., before the Honorable William P. Dimitrouleas at the United States Courthouse for the Southern District of Florida, 299 East Broward Blvd. Room 205F Fort Lauderdale, FL 33301, to show cause, if there be any, why an Order for Preliminary Injunction should not be granted to prohibit further violations of the CEA and Regulations and why the other relief requested should not be granted pending trial on the merits of this action.

22.     Should any party wish to file a memorandum of law or other papers in opposition to Plaintiff's Motion for a Preliminary Injunction, all papers shall be filed on or before October 7, 2014 and served on the Commission's Washington D.C. office to the attention of the Commission's counsel in this case no later than 24 hours after filing with the Court. Any reply papers shall be filed with the Court and delivered to opposing counsel no later than 4 o'clock p.m. on October 9, 2014. Service of all papers shall be by electronic mail, facsimile, overnight delivery, or personal service.

## VI.   SERVICE

IT IS FURTHER ORDERED that:

23. Copies of this Order may be served by any means, including facsimile and e-mail transmission, upon any entity or person that may have possession, custody, or control of any of Defendants' documents or any of Defendants' assets that may be subject to any provision of this Order, and, additionally, that Kim Bruno, Daniel Jordan, Michael Loconte, Erica Bodin, Jeremy Christianson, and Rick Glaser, or representatives thereof, representative(s) of the U.S. Marshals Service, and representatives of state or local law enforcement agencies in the jurisdictions within which Defendants reside are specially appointed by the Court to effect service. Further, service of the Summons, Complaint, or other process may be effected by any Commission representative, any U.S. Marshal or deputy U.S. Marshal, or in accordance with Fed. R. Civ. P. 4, and service on corporate entities may be effected by serving the Summons, Complaint, or other process via overnight delivery to the registered agent of said corporate entities.

## VII.  ASSISTANCE OF U.S. MARSHALS SERVICE AND OTHER LAW ENFORCEMENT PERSONNEL

IT IS FURTHER ORDERED that:

24. At the Commission's request, the U.S. Marshals Service shall accompany and assist the Commission's representatives outside and inside the premises, as well as secure the premises, in the service and execution of this Order and to undertake such efforts as are reasonably necessary to ensure that the Commission's representatives have an unimpeded right to inspect and copy books, records, and documents as set forth above wherever such books, records, and documents are or are believed by the Commission to be located. State and local law enforcement agencies are also authorized to so assist the Commission in this manner.

**VIII.    FORCE AND EFFECT**

IT IS FURTHER ORDERED that:

25.    This Order shall remain in full force and effect until further Order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

IT IS SO ORDERED, at Ft. Lauderdale, Florida, on the 30 day of September, 2014, at 12:30 p.m.

_____
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

# CONSENT TO RELEASE OF FINANCIAL RECORDS

I, _____, a resident of _____, do hereby direct any bank, trust, or other financial company, as well as any of its officers, employees, and agents, at which I have or had a bank account or other financial account of any kind operated under my name or any other name (including any corporation or other entity) for which I am or was authorized to draw on the account, to disclose all information and deliver copies of all documents of every nature in the bank's, trust's, or other financial company's possession or control which relate to said bank or other financial accounts to any attorney or investigator of the United States Commodity Futures Trading Commission and to give evidence relevant thereto, in the matter of United States Commodity Futures Trading Commission v. Forex Monthly Income Fund, et al., Case No. _____, now pending before the United States District Court for the Southern District of Florida, and this shall be irrevocable authority for so doing. This direction is intended to apply to not only the laws of the United States, but also to the laws of countries other than the United States which restrict or prohibit the disclosure of bank information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the bank accounts or other financial accounts for which I may be a relevant principal.

Dated:_____

_____
Printed Name

_____
Signature