UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 1:14-cv-62240-WPD

U.S. COMMODITY FUTURES
TRADING COMMISSION,

Plaintiff,

v.

FOREX MONTHLY INCOME
FUND, LLC, JEAN CHAUVEL,
RENAUD PIERRE-CHARLES, and
ROBERT TRIPODE,

Defendants.

_______________________________/

**CONSENT ORDER OF PRELIMINARY INJUNCTION AND FOR OTHER EQUITABLE RELIEF AGAINST DEFENDANT ROBERT TRIPODE**

On September 30, 2014, Plaintiff U.S. Commodity Futures Trading Commission ("Commission") filed a Complaint [D.E. #1] against Defendants Forex Monthly Income Fund, LLC, Jean Chauvel, Renaud Pierre-Charles, and Robert Tripode ("Tripode") seeking injunction and other equitable relief, as well as the imposition of civil penalties, for alleged violations by Tripode of the Commodity Exchange Act, 7 U.S.C. §§ 1 et seq., and Commission Regulations, 17 C.F.R. §§ 1.1 et seq. In addition, the Commission moved for a preliminary injunction. The Court has considered the pleadings, exhibits, and memorandum filed in support of the Commission's motion for preliminary injunction. The Court finds that Tripode, as evidenced by the signatures below, acknowledge service of the Summons and Complaint, admits to this Court's jurisdiction over him and the subject matter of this action, and admits that venue lies properly with this Court. The Court further finds that Tripode, without admitting or denying the allegations of the Complaint except as to jurisdiction and venue, consents to the entry of this Order. The Court also finds that

Tripode's consent to this Order is entered into voluntarily and that no promise or threat has been made by the Commission, or any member, officer, agent, or representative of the Commission, to induce Tripode to consent to this Order.

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1. This Court has jurisdiction over the parties, subject matter, and transactions at issue in this action pursuant to 7 U.S.C. § 13a-1 (2012).

2. Venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e) (2012).

3. Tripode waives the entry of findings of facts and conclusions of law for purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## I. INJUNCTIVE RELIEF IS GRANTED

**THE PARTIES AGREE AND IT IS THEREFORE ORDERED THAT:**

4. Tripode is restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly violating 7 U.S.C. §§ 6b(a)(2)(A)-(C), 6k(2), 6m(1), and 6o(1) (2012) and 17 C.F.R. §§ 3.12, 4.20, 4.41(a), 5.2(b), 5.3(a)(2)(i) and (ii) (2014).

5. Tripode is also restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

a. Trading on or subject to the rules of any registered entity (as that term is defined in 7 U.S.C. § 1a (2012));

b. Entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in 17 C.F.R. § 1.3(hh) (2013)) ("commodity options"), security futures products, foreign currency (as described in 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i) (2012)) ("forex contracts"), and/or swaps (as that term is defined in 7 U.S.C. § 1a(47)

(2012), and as further defined by 17 C.F.R. § 1.3(xxx) (2014)) for his own personal account or for any account in which he has a direct or indirect interest;

c. Having any commodity futures, options on commodity futures, commodity options, security futures products, forex contracts, and/or swaps traded on his behalf;

d. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, forex contracts and/or swaps;

e. Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, security futures products, forex contracts, and/or swaps;

f. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in 17 C.F.R. § 4.14(a)(9) (2014); and

g. Acting as a principal (as that term is defined in 17 C.F.R. § 3.1(a) (2014)), agent or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1a (2012)) registered, exempted from registration or required to be registered with the Commission except as provided for in 17 C.F.R. § 4.14(a)(9) (2014).

## II. FORCE AND EFFECT

**THE PARTIES AGREE AND IT IS FURTHER ORDERED THAT:**

6. This Order shall remain in effect until further order of the Court and the Court shall retain jurisdiction over this action ensure compliance with this Order and for all other purposes related to this action. Further, the Court's September 30, 2014 Statutory Restraining Order ("SRO") [D.E. #7] and the terms and conditions set forth therein are incorporated herein by reference and shall remain in full force and effect until further order of this Court or as otherwise provided herein.

7. Notwithstanding Section I of the SRO, Tripode shall be permitted to spend up to $6,000.00 per month to pay for his legal representation in this action, housing, food, and other living expenses only, from assets or income acquired after September 30, 2014, including proceeds from the sale of Tripode's current personal assets (the "after-acquired income"), provided that:

a. The after-acquired income is or was not derived, directly or indirectly, from the operations of Forex Monthly Income Fund, LLC;

b. Any sale of Tripode's current personal assets, including but not limited to, his liquidated of certain annuities, are conducted at arm's length with a *bona fide* third party;

c. The after-acquired income, including any and all proceeds from any sale of Tripode's current personal assets, is deposited and maintained in a segregated account, and the name, number, and location of Tripode's segregated account is disclosed to the Commission within five (5) days of this Order or the date said account is opened, which occurs last;

d. All monthly account statements for and documents regarding any deposits into Tripode's segregated account, including documents showing the source of the after-acquired income, are provided to the Commission on or before the 10th business day of each month for the period ending on the last day of the preceding calendar month;

e. All after-acquired income that exceeds $6,000.00 per month for the expenses described above shall remain frozen in the segregated account subject to the terms of this Order;

f. All disclosures required to be made pursuant to this Paragraph shall be made via e-mail, fax, or overnight delivery to:

Kim G. Bruno
Division of Enforcement
U.S. Commodity Futures Trading Commission
1151 21st Street NW
Washington, DC 20581
kbruno@cftc.gov
(202) 418-5000
(202) 418-5987 (fax)

## III. SHOW CAUSE HEARING IS CANCELLED

**IT IS FURTHER ORDERED THAT:**

8. The hearing set for October 24, 2014 at 9:15 a.m. before the Honorable William P. Dimitrouleas, as set forth in the SRO, is hereby cancelled.

## IV. BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERD THAT:**

9. As an agency of the United States of America and pursuant to 7 U.S.C. § 13a-1(b) (2012), the Commission need not post a bond.

**IT IS SO ORDERED,** this 23 day of October, 2014, at Fort Lauderdale, Florida.

[signature]

UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**CONSENTED TO AND APPROVED BY:**

______________________________ Dated: Oct 22-14
Robert Tripode

______________________________ Dated: October 22, 2014
Kim G. Bruno
Daniel C. Jordan
U.S. Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street, NW
Washington, D.C. 20581
Telephone: (202) 418-5368 (Bruno)
(202) 418-5339 (Jordan)
Facsimile: (202) 418-5987
kbruno@cftc.gov
djordan@cftc.gov